G. H. A. KUNST, Judge.
Claimant E. E. McClure of Charleston, West Virginia, in the employ of said state as a proofreader, was sixty-seven years of age, afflicted with rheumatism for the past nine years, and had his right foot injured by the loss of the big toe; his “eyesight all right, but not seeing so well at night,” although he had used glasses for fifteen years, and walked with the aid of a rubber-tipped cane. He had been employed at every session of the Legislature of the state for the past forty years. During the session of the Legislature for the year 1943 and for the previous three or four sessions his particular duty had been to proofread and correct the journal of the House of Delegates each day and have it ready for the clerk to read *270 when the session opened the next day. He did this work in a small room on the second floor of the Capitol building, numbered 224, between the offices of the clerk of the House and the speaker of the House.
In going down the dark stairway of the main unit of the building at about four-thirty o’clock in the evening of the twelfth day of March 1943, which was a rainy, cloudy day, he walked on the left hand side of the steps and held with his left hand to the railing and used his cane in his right hand as a support. He descended steps until he reached the newel post, which was located two steps above, and sixteen inches from the bottom of the steps at a platform five feet nine inches in width and from which there were five steps to the first floor. These steps were of marble, fifteen inches in tread and with six inches rise.
When in his descent he reached the newel post on a different level from the platform and the railing not extending farther, he thought he was at the end of the stairway, and, stepping, he fell onto the platform below and across it, down the five steps to the floor below, and sustained injuries for which he asks an award of $15,000.00. He was found by a Charleston policeman who assisted him to a cab and was taken to his home.
He alleges in his petition, that his fall was caused by negligence of respondents’ employees in not keeping the stairway in question properly lighted, which lights would have shown the position of the newel post to be on a different level from the platform and that the bannister was not extended to the platform. In his statement that the stairway was dark, he is corroborated by the testimony of the policeman, but both testified that a very small amount of light came to the stairway from the large chandelier at the end of the corridor, the only light which they both say was lighted, and that all other lights above and near this stairway, and across the main corridor from it, were not lighted.
*271 Evidence of the employees of respondent, entrusted with the responsibility for the operation and care of the lights and electrical equipment and lighting of the entire building, told of their presence in the building, of their careful inspection of same, and patrol of corridors and stairways their great efforts particularly directed to keep on all lights because of the presence of the Legislature in the building; of putting in new light bulbs all over the building before the session of the Legislature commenced; that if electric light bulbs burned out on this particular stairway and its vicinity, leaving it in darkness on this particular occasion, that they were not notified of such fact and did not discover it and had no knowledge of the fact then or at a later time, and that Mr. McClure’s fall was not reported to them until long after; at the time this proceeding was commenced, although Mr. McClure returned to the building and performed his work the next day.
The court viewed the scene of accident and lights were made as nearly as possible to conform to the statements of Mr. McClure and the policeman. The court is of opinion that the stairway, although then dimly lighted, was not so dark but that an ordinarily prudent person could have descended it with safety. When Mr. McClure approached this stairway, having the warning of darkness, which courts have held is “nature’s own warning, to arouse the natural instinct of self protection,” he had several choices of safe ways to descend to the first floor or to return to the room he had left and telephone the custodian of building and grounds of the unlighted condition of the stairway, and then to wait until the official had had a reasonable time in which to remedy this unlighted condition and when so remedied and with stairway properly lighted, the other alleged condition of danger, the shortened railing and the difference in level of newel post, would have been obviated; to use the safe stairway he was accustomed to use; to use one of the safe self-operating elevators which he had been shown how to use, or could easily have learned how, from posted instructions.
*272 The court being of opinion that respondents, not having had knowledge of this unlighted condition of the stairway at such time, and not having had notice of same, nor having had opportunity and reasonable time to remedy it, and no higher degree of care being reuired for one impaired in physical capacity than for one in perfect physical condition, such respondents were not guilty of negligence; that claimant voluntarily exposed himself unnecessarily to a known and appreciated danger, or in the exercise of ordinary care he should have known and appreciated it, and where under the same, or similar circumstances, an ordinarily prudent person would not have incurred the risk of injury which such conduct involved.
Wherefore an award is not granted.